1
2
3
4
5
6
7
8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10    WILLIAM ROUSER,

11              Plaintiff,                    No. CIV S-93-0767 LKK GGH P

12         vs.

13    THEO WHITE, et al.,

14              Defendants.               ORDER

15    _____/

16         Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to

17    42 U.S.C. § 1983.  On January 5, 2006, a hearing was held regarding the motion to withdraw

18    filed by plaintiff's counsel.  The court indicated its intent to grant this motion and directed

19    plaintiff's counsel to file a proposed order.  In anticipation of this order, the court issues the

20    following scheduling order.

21         At the outset, the court observes that plaintiff filed several motions for injunctive

22    relief while still represented by counsel.  All of these motions are vacated because plaintiff was

23    represented by counsel at the time he filed these motions.  If plaintiff still intends to seek

24    injunctive relief, he may file an appropriate motion following his receipt of the instant order.

25         Since the filing of this action, plaintiff has been transferred to Mule Creek State

26    Prison (MCSP).  The operative amended complaint filed February 12, 1997, included the

following claims regarding plaintiff's right to practice his Wiccan religion at California State Prison-Sacramento (CSP-Sac):  1) access to and the ability to use religious articles including tarot cards, the Wiccan Bible, incense, candles, wands and altars; 2) the ability to practice group worship; and 3) access to a spiritual leader.  The court will permit plaintiff to file a supplemental complaint which includes only his claims regarding the continued violation of these specific rights following his transfer to MCSP.  In other words, the supplemental complaint may only include his claims regarding access to religious articles, the ability to practice group worship and access to a spiritual leader at MCSP.  Because of the length of time this action has been pending, plaintiff is not permitted to include new claims not raised in the operative amended complaint.

On December 6, 2005, plaintiff filed an amended complaint which identifies additional plaintiffs.  The court will not permit this action to be expanded at this time to include additional plaintiffs.  If plaintiff Rouser files a supplemental complaint, he may only name himself as plaintiff.  The December 6, 2005, amended complaint also includes claims that were not raised in the February 12, 1997, amended complaint including a claim regarding grooming regulations.  If plaintiff wishes to raise new claims, he must file a new action.  The court also observes that the December 6, 2005, amended complaint also references the settlement agreement that has since been abandoned.  If plaintiff files a supplemental complaint, his claims for relief may not be based on breach of the settlement agreement.  In other words, the legal basis of plaintiff's claims must be, for example, based on a violation of plaintiff's First Amendment right to practice his religion rather than based on the alleged breach of the now defunct settlement agreement.  For the reasons discussed above, the amended complaint filed December 6, 2005, is disregarded.

On December 12, 2005, plaintiff filed a motion for sanctions against his counsel. Because counsel has withdrawn from this action, plaintiff's motion for sanctions is denied as moot.

/////

2

Because of the length of time this action has been pending, the schedule set by the court below will not be altered but for substantial cause.  At the trial of this case, the plaintiff must be prepared to introduce evidence to prove each of the alleged facts that support the claims raised in the lawsuit.  In general, there are two kinds of trial evidence:  (1) exhibits and (2) the testimony of witnesses.  It is the plaintiff's responsibility to produce all of the evidence to prove his case, whether that evidence is in the form of exhibits or witness testimony.  If the plaintiff wants to call witnesses to testify, he must follow certain procedures to ensure that the witnesses will be at the trial and available to testify.

I.    Procedures for Obtaining Attendance of Incarcerated Witnesses Who Agree to Testify Voluntarily

An incarcerated witness who agrees voluntarily to attend trial to give testimony cannot come to court unless this court orders the warden or other custodian to permit the witness to be transported to court.  This court will not issue such an order unless it is satisfied that:

1.  The prospective witness is willing to attend;

and

2.  The prospective witness has actual knowledge of relevant facts.

With the pretrial statement, a party intending to introduce the testimony of incarcerated witnesses who have agreed voluntarily to attend the trial must serve and file a written motion for a court order requiring that such witnesses be brought to court at the time of trial.  The motion must:

1.  State the name, CDC Identification number, and address of each such witness;

and

2.  Be accompanied by affidavits showing that each witness is willing to testify and that each witness has actual knowledge of relevant facts.

The willingness of the prospective witness can be shown in one of two ways:

1.  The party himself can swear by affidavit that the prospective witness has informed the party that he or she is willing to testify voluntarily without being subpoenaed.  The party must state in the affidavit when and where the prospective witness informed the party of this willingness; or

2.  The party can serve and file an affidavit sworn to by the prospective witness, in which the witness states that he or she is willing to testify without being subpoenaed.

The prospective witness' actual knowledge of relevant facts can be shown in one of two ways:

1.  The party himself can swear by affidavit that the prospective witness has actual knowledge.  However, this can be done only if the party has actual firsthand knowledge that the prospective witness was an eyewitness or an ear-witness to the relevant facts.  For example, if an incident occurred in the plaintiff's cell and, at the time, the plaintiff saw that a cellmate was present and observed the incident, the plaintiff may swear to the cellmate's ability to testify.

Or

2.  The party can serve and file an affidavit sworn to by the prospective witness in which the witness describes the relevant facts to which the prospective witness was an eye- or ear-witness.  Whether the affidavit is made by the plaintiff or by the prospective witness, it must be specific about what the incident was, when and where it occurred, who was present, and how the prospective witness happened to be in a position to see or to hear what occurred at the time it occurred.

The court will review and rule on the motion for attendance of incarcerated witnesses, specifying which prospective witnesses must be brought to court.  Subsequently, the

4

1     court will issue the order necessary to cause the witness' custodian to bring the witness to court.

2           II.      <u>Procedures for Obtaining Attendance of Incarcerated Witnesses Who</u>

3                 <u>Refuse to Testify Voluntarily</u>

4         If a party seeks to obtain the attendance of incarcerated witnesses who refuse to

5     testify voluntarily, the party should submit with his pretrial statement a motion for the attendance

6     of such witnesses.  Such motion should be in the form described above.  In addition, the party

7     must indicate in the motion that the incarcerated witnesses are not willing to testify voluntarily.

8           III.     <u>Procedures for Obtaining Attendance of Unincarcerated Witnesses Who</u>

9                 <u>Agree to Testify Voluntarily</u>

10        It is the responsibility of the party who has secured an unincarcerated witness'

11     voluntary attendance to notify the witness of the time and date of trial.  No action need be sought

12     or obtained from the court.

13           IV.     <u>Procedures for Obtaining Attendance of Unincarcerated Witnesses Who</u>

14                 <u>Refuse to Testify Voluntarily</u>

15         If a prospective witness is not incarcerated, and he or she refuses to testify

16     voluntarily, <u>not earlier than four weeks and not later than two weeks before trial</u>, the party must

17     prepare and submit to the United States Marshal a subpoena for service by the Marshal upon the

18     witness.  (Blank subpoena forms may be obtained from the Clerk of the Court.)  Also, the party

19     seeking the witness' presence must tender an appropriate sum of money to the witness through

20     the United States Marshal.  In the case of an unincarcerated witness, the appropriate sum of

21     money is the daily witness fee of $40.00 <u>plus the witness' travel expenses</u>.

22         A subpoena will not be served by the United States Marshal upon an

23     unincarcerated witness unless the subpoena is accompanied by a money order made payable to

24     the witness for the full amount of the witness' travel expenses plus the daily witness fee of

25     $40.00, and a copy of the court's order granting plaintiff in forma pauperis status.  As noted

26     earlier, because no statute authorizes the use of public funds for these expenses in civil cases, the

1  tendering of witness fees and travel expenses is required even if the party was granted leave to

2  proceed in forma pauperis.

3        Good cause appearing, pursuant to Fed. R. Civ. P. 16(b), THIS COURT ORDERS

4  AS FOLLOWS:

5        1.  Plaintiff's amended complaint filed December 6, 2005, is disregarded;

6        2.  Plaintiff's motion for injunctive relief filed December 12, 2005, and January 9,

7  2006, are disregarded;

8        3.  Plaintiff's December 12, 2005, motion for sanctions is disregarded;

9        4.  Plaintiff is granted thirty days from the date of this order to file a supplemental

10  complaint; following receipt of the supplemental complaint, the court will order service of the

11  new defendants at MCSP, if appropriate;

12        5.  The parties may conduct discovery until July 28, 2006.  Any motions necessary

13  to compel discovery shall be filed by that date.  All requests for discovery pursuant to Fed. R.

14  Civ. P. 31, 33, 34 or 36 shall be served not later than sixty days prior to that date.

15        6.  All pretrial motions, except motions to compel discovery, shall be filed on or

16  before October 6, 2006.

17        7.  Plaintiff shall file and serve his pretrial statement and any motions necessary to

18  obtain the attendance of witnesses at trial on or before December 29, 2006.  Defendants shall file

19  their pretrial statement on or before January 12, 2007.  The parties are advised that failure to file

20  a pretrial statement may result in the imposition of sanctions, including dismissal of this action.

21        8.  Pretrial conference (as described in Local Rule 16-282) is set in this case for

22  January 19, 2007, before the magistrate judge.  The pretrial conference shall be conducted on the

23  file only, without appearance by either party.

24        9.  This matter is set for jury trial before the Honorable Lawrence K. Karlton on

25  March 27, 2007, at 10:30 a.m.

26  /////

1    10.  The Clerk of the Court is directed to add plaintiff William Rouser to the

2  service list and serve this order on plaintiff: William Rouser, C-10659, P.O. Box 409020. Mule

3  Creek State Prison, Ione, California, 95640.

4  DATED:   1/13/06

5                                                          /s/ Gregory G. Hollows

6                                                          _____
                                                           GREGORY G. HOLLOWS
7                                                          UNITED STATES MAGISTRATE JUDGE

8  ggh:kj
   rou767.sch

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26