IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM ROUSER,

    Plaintiff,                   No. CIV S-93-0767 LKK GGH P

   vs.

THEO WHITE, et al.,

    Defendants.            FINDINGS & RECOMMENDATIONS

_____/

       Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. This action is set for a trial confirmation hearing before the Honorable Lawrence K. Karlton on December 17, 2007. At that time, the jury trial will be scheduled.

       Pending before the court is plaintiff's September 26, 2007, motion for a preliminary injunction. Plaintiff alleges that prison officials at Pleasant Valley State Prison (PVSP) have interfered with his ability to practice his Wiccan religion by denying him adequate access to candles, oils, incense and herbs.

       The legal principles applicable to a request for preliminary injunctive relief are well established. "The traditional equitable criteria for granting preliminary injunctive relief are (1) a strong likelihood of success on the merits, (2) the possibility of irreparable injury to plaintiff if the preliminary relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4)

1

1 advancement of the public interest (in certain cases)." <u>Dollar Rent A Car v. Travelers Indem.</u>
2 <u>Co.</u>, 774 F.2d 1371, 1374 (9th Cir. 1985).  The criteria are traditionally treated as alternative
3 tests.  "Alternatively, a court may issue a preliminary injunction if the moving party demonstrates
4 '<u>either</u> a combination of probable success on the merits and the possibility of irreparable injury <u>or</u>
5 that serious questions are raised and the balance of hardships tips sharply in his favor.'"  <u>Martin</u>
6 <u>v. International Olympic Comm.</u>, 740 F.2d 670, 675 (9th Cir. 1984) (quoting <u>William Inglis &</u>
7 <u>Sons Baking Co. v. ITT Continental Baking Co.</u>, 526 F.2d 86, 88 (9th Cir. 1975)).  The Ninth
8 Circuit has reiterated that under either formulation of the principles, if the probability of success
9 on the merits is low, preliminary injunctive relief should be denied:

> <u>Martin</u> explicitly teaches that "[u]nder this last part of the alternative test, even if the balance of hardships tips decidedly in favor of the moving party, it must be shown as an irreducible minimum that there is a fair chance of success on the merits."

13 <u>Johnson v. California State Bd. of Accountancy</u>, 72 F.3d 1427, 1430 (9th Cir. 1995) (quoting
14 <u>Martin</u>, 740 F.2d at 675).
15        Resolution of plaintiff's motion for injunctive relief would most likely require an
16 evidentiary hearing.  These issues will be litigated at the jury trial.  By the time an evidentiary
17 hearing could be scheduled, the jury trial will either be held shortly or have already occurred.
18 Under these circumstances, it does not make sense to hold a separate evidentiary hearing.  For
19 these reasons, the motion for injunctive relief should be denied without prejudice.
20        Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's motion for
21 injunctive relief filed September 26, 2007, is denied without prejudice.
22        These findings and recommendations are submitted to the United States District
23 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
24 days after being served with these findings and recommendations, any party may file written
25 objections with the court and serve a copy on all parties.  Such a document should be captioned
26 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: 10/16/07

/s/ Gregory G. Hollows
_____
UNITED STATES MAGISTRATE JUDGE

rou767.inj