IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM ROUSER,

     Plaintiff,                    No. CIV S-93-0767 LKK GGH P

    vs.

THEO WHITE, et al.,

     Defendants.          ORDER

_____/

       Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. On June 5, 2007, plaintiff filed a motion for a temporary restraining order. Plaintiff requests that the court order prison officials to stop harassing his inmate witness, Douglas Hysell.

       The court construes plaintiff's motion for injunctive relief as a motion for a protective order. Local Rule 72-302 of the Eastern District of California permits magistrate judges to handle all aspects of a prisoner's case short of jury trial. It has also been interpreted as authorizing magistrate judges to issue orders under § 636(b)(1)(A) for non-dispositive motions or motions not involving injunctive relief. See also United States v. Raddatz, 447 U.S. 667, 673, 100 S. Ct. 2406, 2411 (1980) (magistrate judge may hear any pretrial matter except "dispositive" motions).

1

1          Therefore, the fact that parties are directed in their activities by a magistrate judge
2   cannot, without more, transform the matter at hand into an "injunctive" relief matter governed by
3   § 636(b)(1)(B).  <u>See</u>, e.g., <u>Grimes v. City and County of San Francisco</u>, 951 F.2d 236 (9th Cir.
4   1991) (magistrate judge may compel a party to pay prospective sanctions of $500.00 per day
5   during period of non-compliance with discovery orders to ensure compliance).  It is only when
6   the "injunctive" relief sought goes to the merits of plaintiff's actions or to complete stays of an
7   action that orders under § 636(b)(1)(A) are precluded.  <u>See, e.g.</u>, <u>Reynaga v. Cammisa</u>, 971 F.2d
8   414 (9th Cir. 1992).
9          In the instant case, plaintiff's request does not go the merits of plaintiff's action.
10  Accordingly, this matter may be handled by court order.
11         Inmate Hysell is not a witness in this action.  <u>See</u> October 16, 2007, amended
12  pretrial order.  For this reason, plaintiff's motion for an order directing prison officials to stop
13  harassing inmate Hysell is denied.
14         Accordingly, IT IS HEREBY ORDERED that plaintiff's June 5, 2007, motion for
15  a temporary restraining order, construed as a motion for a protective order, is denied.
16  DATED: 11/8/07

                              /s/ Gregory G. Hollows
                              _____
                              UNITED STATES MAGISTRATE JUDGE

rou767.po