IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM ROUSER,

      Plaintiff,             No. CIV S-93-0767 LKK GGH P

   vs.

THEO WHITE, et al.,

      Defendants.          O R D E R

_____/

    Plaintiff, a state prisoner proceeding through counsel, is a practicing Wiccan.  Plaintiff's operative complaint alleges that defendants, current and former Directors of the California Department of Corrections and Rehabilitation and wardens at two prisons, have impermissibly interfered with his ability to practice his religion.  Plaintiff moves to supplement his complaint to add a claim for retaliation.  The court resolves this motion on the papers and after oral argument.  For the reasons stated below, the motion is granted in part.

**I. BACKGROUND**

    This case has a long history, which the court recently

1

1  surveyed in <u>Rouser v. White</u>, 630 F. Supp. 2d 1165 (E.D. Cal.

2  2009).  Only the pertinent aspects are provided here.

3      From December 1990 to April 23, 1996, plaintiff was housed

4  at California State Prison - Sacramento ("CSP-Sac").  <u>Id.</u> at

5  1173-74.  Plaintiff was transferred to a number of different

6  facilities between 1996 and 2007, ending up at Pleasant Valley

7  State Prison ("PVSP").  <u>Id.</u> at 1174-75.  Plaintiff argues that

8  throughout this time, he was denied the ability to practice his

9  religion.

10     Plaintiff's initial complaint was filed May 7, 1993.

11  Plaintiff sought damages and injunctive relief from, inter alia,

12  defendant White, warden of CSP-Sac, and defendant Gomez, former

13  director of the California Department of Corrections and

14  Rehabilitation ("CDCR").  On December 5, 1997, the court

15  dismissed the case pursuant to the parties' private settlement.

16  In 2004, the court reopened the case to allow plaintiff, at the

17  time proceeding in pro se, to seek an order enforcing the

18  settlement agreement.  <u>See</u> Order of March 23, 2004 (Doc. No.

19  149).

20     Plaintiff filed an amended complaint filed on January 30,

21  2006.  (Doc. No. 229).  This amended complaint added defendants

22  and claims relating to plaintiff's treatment at Mule Creek State

23  Prison.  <u>Id.</u> at 6-10.  The Magistrate Judge assigned to this case

24  held that these amendments were proper insofar as they sought

25  injunctive relief, but that claims for damages against these

26  defendants would need to be brought in a separate action.  Order

1    and Findings and Recommendations of July 11, 2006 (Doc. No.

2    243)).  The Magistrate Judge therefore ordered the complaint

3    copied to a new action so that the new damages claims could be

4    litigated separately, and for this action to be assigned to the

5    same District and Magistrate Judges.  Id., see also No. Civ.

6    2:06-cv-01527-LKK-GGH.  The Magistrate Judge also recommended

7    that defendants' motion for a stay be denied, and the court

8    adopted this recommendation.  Order of September 27, 2006 (Doc.

9    No. 247).

10        In June of 2007, plaintiff was transferred to Pleasant

11   Valley State Prison ("PVSP").  On April 21, 2008, three weeks

12   before trial was set to commence, plaintiff retained counsel.

13   (Doc. Nos. 354, 355).  The court vacated the trial dates, and

14   permitted plaintiff to file a second and third amended complaint.

15   (Doc. Nos. 369, 383).  The third amended complaint ("TAC") is the

16   presently operative complaint.

17        The TAC brings seven claims against four defendants.  These

18   defendants are Theo White, former warden of CSP-Sac (TAC ¶ 6);

19   James H. Gomez, former director of CDCR (¶ 7); Matthew Cate,

20   Secretary of CDCR (¶ 8); and James A. Yates, warden at PVSP (¶

21   9).  All defendants are sued in both their official and

22   individual capacities, and plaintiff seeks damages and injunctive

23   relief.  (¶¶ 11-12.)  Plaintiff alleged that defendants Cate and

24   Yates violated the Religious Land Use and Institutionalized

25   Person's Act, 42 U.S.C. § 2000cc et seq. (first claim); that

26   defendants White, Gomez, Cate and Yates violated the free

1  exercise clauses of the Federal and California constitutions

2  (second and fifth claims); and that defendants White, Cate, and

3  Yates violated the establishment and equal protection clauses of

4  the Federal and California constitutions (third, fourth, sixth,

5  and seventh claims).

6      Defendants moved for summary judgment, arguing that

7  plaintiff failed to raise a triable question as to any of his

8  claims, and that defendants White and Gomez were entitled to

9  qualified immunity on claims for damages against them.  On May

10  15, 2009, the court denied the motion as to claims against Cate

11  and Yates, and granted in part and denied in part the motion as

12  to Gomez and White.  Rouser, 630 F. Supp. 2d at 1204.  As to the

13  free exercise claims against Gomez, no evidence indicated that

14  Gomez participated in the 1993 denial of a "witches' bible" to

15  plaintiff while plaintiff was in administrative segregation, but

16  the free exercise claims could proceed against Gomez insofar as

17  they were based on other facts.  Id. at 1189.  As to the

18  establishment clause and equal protection claims, no evidence

19  indicated that defendants' denial of candles, incense, Tarot

20  cards or access to a chapel in 1992 demonstrated a denominational

21  preference.  Id. at 1202-03.  Defendants' motion was otherwise

22  denied as to Gomez and White, including denial of their assertion

23  of qualified immunity.  Gomez and White filed an interlocutory

24  appeal of the denial of qualified immunity.  See Appeal No.

25  09-16221.

26      Plaintiff now seeks to supplement the TAC to include claims

4

1  for conduct occurring after the TAC was filed.  Plaintiff seeks

2  to name as two additional defendants P. Ortiz and B. Flores, who

3  are respectively Correctional Counselors II and I at PVSP.

4  Plaintiff alleges that Ortiz and Flores retailed against his

5  filing of grievances and litigation of this case by placing

6  plaintiff administrative segregation and then causing plaintiff

7  to be transferred from PVSP to California State Prison Los

8  Angeles County ("LAC").  Ortiz and Flores allegedly provided, as

9  justification for these acts, a "confidential memorandum" dated

10  May 17, 2007 (prior to plaintiff's transfer to PVSP), and

11  plaintiff alleges that this justification is pretextual.

12  Plaintiff further seeks to allege that officials at LAC have

13  further interfered with his religious practice, and plaintiff

14  seeks to name Brian Haws, warden of LAC, as an additional

15  defendant.

16                           **II. STANDARD**

17       "Upon motion of a party the court may, upon reasonable

18  notice and upon such terms as are just, permit the party to serve

19  a supplemental pleading setting forth transactions or occurrences

20  or events which have happened since the date of the pleading

21  sought to be supplemented."  Fed. R. Civ. P. 15(d).  The purpose

22  of Rule 15(d) is to promote as complete an adjudication of the

23  dispute between the parties as possible by allowing the addition

24  of claims which arise after the initial pleadings are filed.

25  William Inglis & Sons Baking Co. v. ITT Continental Baking Co.,

26  Inc.,  668 F.2d 1014, 1057 (9th Cir. 1981).  As such, Rule 15(d)

gives district courts broad discretion in allowing supplemental
pleadings.

> [Rule 15(d) motions are] [s]o useful . . .
> and of such service in the efficient
> administration of justice that they ought to
> be allowed as of course, unless some
> particular reason for disallowing them
> appears, though the court has the
> unquestioned right to impose terms upon their
> allowance when fairness appears to require
> them.

Keith v. Volpe,  858 F.2d 467, 473 (9th Cir. 1988) (quoting New
Amsterdam Casualty Co. v. Waller, 323 F.2d 20, 28-29 (4th Cir.
1963)).

The proposed supplemental pleading must share a connection
with the prior pleading, and must satisfy the ordinary
requirements for amendment.

"While some relationship must exist between the newly
alleged matters and the subject of the original action, they need
not all arise out of the same transaction."  Id. at 474.  It is
enough that the claims share the same "concern."  Id.  If the
original pleading gave defendants notice that the conduct,
transaction, or occurrence is of a continuing nature, defendants
should be prepared to defend against all claims arising out of
it, whether they arose before or after the original complaint was
filed.  Wright & Miller, 6A Fed. Prac. & Proc. Civ. 2d § 1508.  A
supplemental complaint may similarly add new parties who are
connected with the original action.  See Griffin v. County School
Bd. of Prince Edward County, 377 U.S. 218, 226-227 (1964).

In addition to satisfying the minimal requirement of "some

6

relationship," a supplemental pleading will not be allowed if

doing so would be unjust to defendants.  In this regard, the

standard is the same as the one under Rule 15(a).  <u>See</u> <u>Glatt v.</u>

<u>Chicago Park Dist.</u>, 87 F. 3d 190, 194 (7th Cir. 1996). Among the

factors which can support denial of leave to amend are

> undue delay, bad faith or dilatory motive on
> the part of the movant, repeated failure to
> cure deficiencies by amendments previously
> allowed, undue prejudice to the opposing
> party by virtue of allowance of the
> amendment, [and] futility of amendment.

<u>Id.</u> (quoting <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962))

(modification in original), <u>Manzarek v. St. Paul Fire & Marine</u>

<u>Ins. Co.</u>, 519 F.3d 1025, 1035 (9th Cir. 2008).  The party

opposing amendment bears the burden of showing that these factors

are present.  <u>DCD Programs, Ltd. v. Leighton</u>, 833 F.2d 183, 187

(9th Cir. 1987).

Prejudice to the opposing party is the most important of

these factors.  <u>See</u> <u>Eminence Capital, LLC v. Aspeon, Inc.</u>, 316

F.3d 1048, 1052 (9th Cir. 2003) (per curiam), <u>Jackson v. Bank of</u>

<u>Hawaii</u>, 902 F.2d 1385, 1387 (9th Cir. 1990)(citing <u>Zenith Radio</u>

<u>Corp. v. Hazeltine Research, Inc.</u>, 401 U.S. 320, 330-31 (1971)).

While delay alone is insufficient to deny amendment, undue

delay is a factor to be considered.  <u>See</u> <u>Morongo Band of Mission</u>

<u>Indians v. Rose</u>, 893 F.2d 1074, 1079 (9th Cir. 1990) (affirming

district court's denial of motion for leave to amend to add new

claims made two years into litigation).  Pertinent to

consideration of this factor is whether the moving party knew or

1  should have known the facts and theories raised by the amendment

2  in the original pleading.  See Jackson, 902 F.2d at 1388 (citing

3  E.E.O.C. v. Boeing Co., 843 F.2d 1213, 1222 (9th Cir.)).

4      Amendment may also be denied when it is futile.  See Kiser

5  v. General Electric Corp., 831 F.2d 423, 428 (3d Cir. 1987).  The

6  test for futility "is identical to the one used when considering

7  the sufficiency of a pleading challenged under Rule 12(b)(6)."

8  Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988)

9  (citing Baker v. Pacific Far East Lines, Inc., 451 F. Supp. 84,

10  89 (N.D. Cal. 1978)).

11  **III. ANALYSIS**

12      Defendants argue that this court lacks jurisdiction pending

13  appeal, that the retaliation claim is insufficiently related to

14  the existing claims, and that the claims against Haws and Yates

15  are futile.  The court considers each of these arguments in turn.

16  Defendants do not argue that plaintiff has shown undue delay, bad

17  faith, or dilatory motive, or that leave to supplement the

18  complaint will prejudice defendants.

19  **A.  Jurisdiction**

20      Interlocutory appeal of denial of qualified immunity may

21  deprive the district court of jurisdiction.

22          Should the district court find that the
defendants' claim of qualified immunity is
23  frivolous or has been waived, the district
court may certify, in writing, that
24  defendants have forfeited their right to
pretrial appeal, and may proceed with trial.
25  In the absence of such certification, the
district court is automatically divested of
26  jurisdiction to proceed with trial pending

1    appeal.

2    Chuman v. Wright, 960 F.2d 104, 105 (9th Cir. 1992) (footnote

3    omitted).  The court thus presently lacks jurisdiction over the

4    claims for damages against Gomez and White.

5        Appeal does not deprive the court of jurisdiction over other

6    aspects of this case, including plaintiff's claims for injunctive

7    relief and as to other defendants.  Plotkin v. Pacific Tel. &

8    Tel. Co., 688 F.2d 1291 (9th Cir. 1982).  In Plotkin, plaintiff

9    first sought a preliminary injunction.  The district court denied

10   this request, and plaintiff filed an interlocutory appeal.  While

11   the appeal was pending, defendants filed a motion for summary

12   judgment.  Plaintiff argued, in part, that the district court

13   lacked jurisdiction to hear the summary judgment motion pending

14   resolution of the interlocutory appeal.  The Ninth Circuit

15   disagreed, holding that "an appeal from an interlocutory order

16   does not stay the proceedings, as it is firmly established that

17   an appeal from an interlocutory order does not divest the trial

18   court of jurisdiction to continue with other phases of the case."

19   Id. at 1293.  Similarly, appeal of a motion for summary judgment

20   denying qualified immunity does not divest the district court of

21   jurisdiction to entertain a motion for a preliminary injunction.

22   Giraldes v. Prebula, No. CIV S-01-2110, 2007 WL 2688780, at *1

23   (E.D. Cal. Sept. 12, 2007).

24       Here, it is clear that supplementing the complaint concerns

25   a different "phase" of the case than summary judgment.  Nor are

26   the issues raised on the motion to supplement "inextricably

intertwined" with the issues raised in White and Gomez's appeal, such that the Circuit court would have "pendent" appellate jurisdiction over this motion.  <u>Kwai Fun Wong v. U.S.</u>, 373 F.3d 952, 960 (9th Cir. 2004).  The court has jurisdiction to entertain the present motion.

**B.   Flores and Ortiz**

Defendants argue that claims against Flores and Ortiz cannot be added because "There is no retaliation claim in the preceding complaint, and Flores and Ortiz are not successors in office to any of the defendants in this action for purposes of injunctive relief."  Defendants note that the Magistrate Judge previously denied a request to add damages claims against new defendants concerning activity at Mule Creek State Prison.  (Doc. No. 243.)

The fact that Flores and Ortiz are neither parties to the suit nor successors to any party is not a barrier to the motion supplement.  Rule 15(d) "plainly permits supplemental amendments to cover events happening after suit, and it follows, of course, that persons participating in these new events may be added if necessary."  <u>Griffin v. County School Board of Prince Edward County</u>, 377 U.S. 218, 227 (1964).  The events underlying plaintiff's proposed retaliation claim are not part of the same transactions and occurrences underlying his operative claims, but such a relationship is not required.  <u>Keith</u>, 858 F.2d at 474. All that is required is that the supplemental claim share a common "concern" with the prior one.  Here, that concern is the defendants' alleged interference with plaintiff's ability to

10

1  practice his religion.

2      The facts underlying the present motion to supplement are

3  also distinct from those concerning plaintiff's prior attempt to

4  add claims for damages as to officials at Mule Creek State

5  Prison.  At that point, the case was proceeding to trial, such

6  that supplemental claims would carry the risk of delaying

7  ultimate resolution of the case.  Now, because trial must wait

8  for resolution of the interlocutory appeal, it is unlikely that

9  addition of these claims will cause delay.

10 **C.   Haws**

11     Defendants argue that the claim against Haws are futile

12 insofar as they seek damages.  Plaintiff concedes that at this

13 point, Haws may be sued solely in his official capacity and for

14 injunctive relief, and plaintiff has submitted a modified

15 proposed supplemental complaint reflecting this.

16 **D.   Yates**

17     Defendants argue that the claims against Yates are also

18 futile as to both injunctive relief and damages.  Specifically,

19 defendants argue that the claims for injunctive relief are moot

20 as to Yates now that plaintiff has been transferred to another

21 prisoner where Yates is not the warden.  As to damages,

22 defendants argue that Yates enjoys sovereign immunity in his

23 official capacity, and that plaintiff has not alleged facts

24 supporting Yates' liability in his individual capacity.

25     Defendants' position is puzzling, because the proposed

26 supplemented complaint does not add any new claims against Yates.

1  The proposed retaliation claim is brought solely as to Ortiz and
2  Flores, and plaintiff does not propose to add any additional
3  factual allegations concerning Yates.  The merits of the claims
4  against Yates as alleged in the Third Amended Complaint are not
5  presently before the court.

**IV. CONCLUSION**

7       For the reasons stated above, plaintiff's motion to
8  supplement the complaint, Doc. No. 434, is GRANTED IN PART.  The
9  motion is DENIED as to plaintiff's initial request to add a claim
10 for damages as to defendant Haws.  The motion is otherwise
11 GRANTED.  The operative complaint shall be plaintiff's revised
12 fourth amended and supplemented complaint, provided as Exhibit A
13 to the Declaration of Jason Wright in Support of Plaintiff's
14 Reply in Support of Motion to Supplement the Third Amended
15 Complaint (Doc. No. 448-1 Ex. A).  For convenience, plaintiff
16 SHALL re-file this complaint as a separate document.

17      IT IS SO ORDERED.

18      DATED: December 10, 2009.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

12