IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM ROUSER,

    Plaintiff,                    No. CIV S-93-0767 LKK GGH P

  vs.

THEO WHITE, et al.,

    Defendants.                  O R D E R

_____/

    Plaintiff William Rouser ("Rouser") is a prisoner proceeding with counsel who alleges that California prisons and their personnel have infringed upon his right to practice his religion. This motion concerns plaintiff's Fourth Amended Complaint ("FAC") insofar as it asserts a claim of retaliation against Defendants B. Flores ("Flores") and P. Ortiz ("Ortiz"). These defendants move to dismiss plaintiff's claim against them under two theories: (1) plaintiff failed to exhaust his administrative remedies, and (2) plaintiff's claims are improperly joined. Defendants alternatively seek to sever trial for Flores and Ortiz from the remaining defendants. For the reasons discussed below,

1

1  defendants' motion is denied.

## I. BACKGROUND

On May 7, 1993, plaintiff filed his original complaint seeking damages and injunctive relief from, <u>inter alia</u>, defendant Theo White ("White"), warden of California State Prison - Sacramento ("CSP-Sac"), and defendant James H. Gomez ("Gomez"), former director of the California Department of Corrections and Rehabilitation ("CDCR") under several theories of liability for their alleged infringement of his religious practice. On December 5, 1997, the court dismissed the case pursuant to the parties' private settlement. On March 23, 2004, the court reopened the case to allow plaintiff to seek an order enforcing the settlement agreement.

On January 30, 2006, plaintiff filed an amended complaint adding defendants and claims relating to his treatment at Mule Creek State Prison ("MCSP"). In June 2007, plaintiff was transferred to Pleasant Valley State Prison ("PVSP"). On September 23, 2008, plaintiff filed his third amended complaint, bringing claims against four defendants, White, Gomez, Matthew Cate ("Cate"), Secretary of CDCR, and James A. Yates ("Yates"), warden at PVSP. This complaint sued all defendants in their individual and official capacities, and plaintiff sought damages and injunctive relief.

On December 10, 2009, this court granted plaintiff's motion to supplement his complaint to include claims for conduct occurring after he filed his Third Amended Complaint. Plaintiff

sought to add three defendants to his complaint. At issue here is the addition of defendant correctional counselors P. Ortiz ("Ortiz") and B. Flores ("Flores"). Plaintiff alleges that Ortiz and Flores retaliated against his filing of grievances and litigation of this case by placing plaintiff in administrative segregation and then causing plaintiff to be transferred from PVSP to California State Prison Los Angeles County ("LAC"). Uncontested in this motion is the addition of defendant Brian Haws ("Haws"), warden of LAC.

The questions raised in this motion are whether plaintiff's claim against Ortiz and Flores is properly exhausted and whether Ortiz and Flores are properly joined as defendants. The facts relevant to each section will be discussed in detail below.

**II. STANDARD FOR A FED. R. CIV. P. 12(B)(6) MOTION TO DISMISS**

A Fed. R. Civ. P. 12(b)(6) motion challenges a complaint's compliance with the pleading requirements provided by the Federal Rules. In general, these requirements are established by Fed. R. Civ. P. 8, although claims that "sound[] in" fraud or mistake must meet the requirements provided by Fed. R. Civ. P. 9(b). Vess v. Ciba-Geigy Corp., 317 F.3d 1097, 1103-04 (9th Cir. 2003).

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The complaint must give defendant "fair notice of what the claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation and modification omitted).

3

To meet this requirement, the complaint must be supported by factual allegations. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009). "While legal conclusions can provide the framework of a complaint," neither legal conclusions nor conclusory statements are themselves sufficient, and such statements are not entitled to a presumption of truth. Id. at 1949-50. Iqbal and Twombly therefore prescribe a two step process for evaluation of motions to dismiss. The court first identifies the non-conclusory factual allegations, and the court then determines whether these allegations, taken as true and construed in the light most favorable to the plaintiff, "plausibly give rise to an entitlement to relief." Id.; Erickson v. Pardus, 551 U.S. 89 (2007).[1]

"Plausibility," as it is used in Twombly and Iqbal, does not refer to the likelihood that a pleader will succeed in proving the allegations. Instead, it refers to whether the non-conclusory factual allegations, when assumed to be true, "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant

---

[1] As discussed below, the court may consider certain limited evidence on a motion to dismiss. As an exception to the general rule that non-conclusory factual allegations must be accepted as true on a motion to dismiss, the court need not accept allegations as true when they are contradicted by this evidence. See Mullis v. United States Bankr. Ct., 828 F.2d 1385, 1388 (9th Cir. 1987), Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987).

4

has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 557). A complaint may fail to show a right to relief either by lacking a cognizable legal theory or by lacking sufficient facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

The line between non-conclusory and conclusory allegations is not always clear. Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555). While Twombly was not the first case that directed the district courts to disregard "conclusory" allegations, the court turns to Iqbal and Twombly for indications of the Supreme Court's current understanding of the term. In Twombly, the Court found the naked allegation that "defendants 'ha[d] entered into a contract, combination or conspiracy to prevent competitive entry . . . and ha[d] agreed not to compete with one another,'" absent any supporting allegation of underlying details, to be a conclusory statement of the elements of an anti-trust claim. Id. at 1950 (quoting Twombly, 550 U.S. at 551). In contrast, the Twombly plaintiffs' allegations of "parallel conduct" were not conclusory, because plaintiffs had alleged specific acts argued to constitute parallel conduct. Twombly, 550 U.S. at 550-51, 556.

Twombly also illustrated the second, "plausibility" step of the analysis by providing an example of a complaint that failed and a complaint that satisfied this step. The complaint at issue

1  in Twombly failed. While the Twombly plaintiffs' allegations
2  regarding parallel conduct were non-conclusory, they failed to
3  support a plausible claim. Id. at 566. Because parallel conduct
4  was said to be ordinarily expected to arise without a prohibited
5  agreement, an allegation of parallel conduct was insufficient to
6  support the inference that a prohibited agreement existed. Id.
7  Absent such an agreement, plaintiffs were not entitled to relief.
8  Id.[2]

9      In contrast, Twombly held that the model pleading for
10 negligence demonstrated the type of pleading that satisfies Rule
11 8. Id. at 565 n.10. This form provides "On June 1, 1936, in a
12 public highway called Boylston Street in Boston, Massachusetts,
13 defendant negligently drove a motor vehicle against plaintiff who
14 was then crossing said highway." Form 9, Complaint for
15 Negligence, Forms App., Fed. Rules Civ. Proc., 28 U.S.C. App., p
16 829. These allegations adequately "'state[] . . . circumstances,
17 occurrences, and events in support of the claim presented.'"
18 Twombly, 550 U.S. at 556 n.3 (quoting 5 C. Wright & A. Miller,
19 Federal Practice and Procedure § 1216, at 94, 95 (3d ed. 2004)).
20 The factual allegations that defendant drove at a certain time
21 and hit plaintiff render plausible the conclusion that defendant
22 drove negligently.

---

[2] This judge must confess that it does not appear self-evident that parallel conduct is to be expected in all circumstances and thus would seem to require evidence. Of course, the Supreme Court has spoken and thus this court's own uncertainty needs only be noted, but cannot form the basis of a ruling.

6

### III. ANALYSIS

Defendants argue that plaintiff's retaliation claims against Flores and Ortiz should be dismissed because plaintiff did not properly exhaust the claim under the Prison Litigation Reform Act ("PLRA") and that joinder of these defendants is not proper under the Federal Rules of Civil Procedure. Both arguments fail. For the reasons discussed below, defendants' motion to dismiss the retaliation claim against Flores and Ortiz is denied.

**A.   Whether Plaintiff Properly Exhausted the Retaliation Claim against Flores and Ortiz**

Flores and Ortiz argue that Rouser failed to exhaust his retaliation claim against them. Under the PLRA, 42 U.S.C. § 1997e(a), prisoners are required to fully exhaust administrative remedies before they can bring a case in federal court under 42 U.S.C. § 1983.

Defendants' first argument is that plaintiff must have exhausted his claims against Flores and Ortiz before he filed his first complaint in May 1993. Because the allegedly retaliatory actions of Flores and Ortiz occurred in July 2009, there is no way that he could have exhausted them before filing his complaint. The state's position lacks common sense. Plaintiff need not exhaust claims added to supplement a complaint before the original complaint was filed. Such an interpretation of the PLRA would make it impossible for prisoners to amend complaints to reflect new events or circumstances in continuing violation cases. Instead, they would always be required to file new

7

complaints in order to bring claims arising out of conduct occurring after the filing of the complaint, including retaliation for filing a complaint. Prisoner plaintiffs need only exhaust the administrative remedies before supplementing a complaint, and not before the original complaint is filed. See 42 U.S.C. § 1997e(a).

Defendants' second argument is that plaintiff did not exhaust the administrative remedies provided by the California Department of Corrections and Rehabilitation before he filed his supplemental complaint. Plaintiff must have exhausted these administrative remedies for his retaliation claim before he could add this claim to his amended complaint. The parties contest whether plaintiff's actions constitute exhaustion. Plaintiff testified that he filed four inmate/parolee appeal forms concerning retaliation by Flores and Ortiz. The first was filed on July 2, 2009. Rouser also sent another on this day to his counsel to be filed. Shortly after July 10, 2009, when Rouser learned he was being transferred to a new prison, he filed another appeal form. About a week later, Rouser filed a staff complaint, which was in the form of an appeal. Rouser testified that as of September 4, 2009, he had never received a response to these appeals. Plaintiff filed his motion to supplement his complaint on September 11, 2009.

California requires that prisoners shall receive responses to first level appeals, including those filed by plaintiff, within thirty working days from the receipt of the appeal

8

document by the appeals coordinator. Cal. Code Regs. § 2084.6(a-b). The appeals coordinator here testified that he received the first of plaintiff's appeals on July 20, 2009. He also testified that the department responded to this appeal on September 16, 2009. The appeals coordinator did not identify which of the four appeals it received. Even assuming that plaintiff's appeal concerning retaliation by Flores and Ortiz was not received until July 20, 2009, the department was required to respond by September 8, 2009.[3] Defendants admit that they did not respond by this date.

    Defendants correctly identify that prisoners must follow administrative grievance procedural rules to exhaust under the PRLA. Woodford v. Ngo, 548 U.S. 81 (2006). In Woodford, the Supreme Court held that prisoners must properly exhaust their claims. Id. at 94-95. Specifically, the Court held that the prisoner failed to comply with the PLRA where he filed his administrative grievance late. Id. at 86-87. On remand, the Ninth Circuit considered the breadth of this decision. Ngo v. Woodford, 539 F.3d 1108 (9th Cir. 2008). The Ninth Circuit stated that it was unclear whether it could "read exceptions into the PLRA's

---

[3] Defendants submitted a supplemental declaration concerning the effect of furlough days on calculating the thirty working days response. If furlough days are not taken into account, defendants' response would have been due on August 28, 2009. However, the court need not decide whether furlough days should be taken into account in counting the days for defendants to respond because defendants admit that they did not respond until September 16, 2009, over a week after their response was due under the standard most favorable to defendants, subsequent to plaintiff's motion to supplement.

exhaustion requirement" in light of the Supreme Court's decision, yet nonetheless held that no such exceptions applied to the specific facts of the case. Id. at 1110. Subsequently, the Ninth Circuit held that a prisoner's "failure to timely exhaust his administrative remedies is excused [where] he took reasonable and appropriate steps to exhaust . . . his claim and was precluded from exhausting, not through his own fault but by the Warden's mistake." Nunez v. Duncan, 591 F.3d 1217, 1224 (9th Cir. 2010). Accordingly, here plaintiff's administrative remedies were exhausted on September 8, 2009, when defendants' response or notification of delayed response, was due. By failing to timely respond to plaintiff's grievances, defendants prevented plaintiff from exhausting because procedures for processing grievances were not followed. Id. Defendants have presented no support to their argument that plaintiff's claim was no longer exhausted when they delivered their late response. See Kons v. Longoria, No. 1:07-cv-00916-AWI-YNP PC, 2009 WL 3246367, *4 (E.D. Cal. Oct. 6, 2009).[4]

---

[4] Defendants argue that Kons is contrary to Nunez. That is simply not the case. Kons holds that a plaintiff is excused from exhaustion where prison officials failed to timely respond to plaintiff's grievance. Such a failure is a failure to follow procedures for processing grievances. Kons is relevant because it applies this holding to a situation very similar to the case at bar. Specifically, both in Kons and here, defendants failed to timely respond to plaintiff's grievance, but subsequently filed a late response to the grievance. The court in Kons held that a claim that would be considered exhausted due to defendants' failure to comply with its own policies, does not become unexhausted when defendants file a late response. The court finds this reasoning correct, and not in conflict with Nunez. Further, defendants' claim that Kons is distinguishable because defendants in Kons were more late than defendants were here is without merit.

10

1  Thus, defendants have not met their burden to show that
2  plaintiff's retaliation claim against Flores and Ortiz was not
3  properly exhausted, and their motion to dismiss on this ground is
4  denied.[5]

    **B.  Whether Defendants Flores and Ortiz Are Properly Joined.**

        **i.  Whether the Claims Against Flores and Ortiz Meet the Requirements of Permissive Joinder.**

   Defendants argue that defendants Flores and Ortiz are not properly joined under Federal Rule of Civil Procedure 20(a)(2) because the claims against Flores and Ortiz "do not rise out of the same transactions or occurrences" as the remaining claims in plaintiff's FAC. However, this court has already granted plaintiff's motion to supplement his complaint to add the retaliation claim against Flores and Ortiz. December 10, 2009 Order, Doc. 450, at 10-11. Specifically, in granting plaintiff's

---

[5] Defendants also argue that the California policy, which is to only inform inmates to whom they fail to meet their response deadlines in cases of exceptional delay, defeats plaintiff's claim that he has properly exhausted his retaliation claim. Cal. Code Regs. § 3084.6(5). Defendants seem to argue that this notification policy overcomes their explicit failure to comply with their own rules for responding to inmate grievances. Apparently, defendants seek a holding that inmates who do not receive timely response to their grievances have to wait until the delay becomes "exceptional" before they are excused from exhaustion due to defendants' noncompliance with their own administrative complaint procedure. Again, the argument does not lie. The procedure requiring notification of prison delays in responding to complaints, cannot overcome the explicit language requiring defendants to respond to prison grievances within thirty working days. This is especially so where prisoners would have to wait until a delay is "exceptional" before they would be excused from exhausting a claim.

11

1 motion to supplement the complaint, this court held that,

> The events underlying plaintiff's proposed retaliation claim are not part of the same transactions and occurrences underlying his operative claims, but such a relationship is not required. [Keith v. Volpe, 858 F.2d 467, 474 (9th Cir. 1988).] All that is required is that the supplemental claim share a common "concern" with the prior one. Here, that concern is the defendants' alleged interference with plaintiff's ability to practice his religion.

Id.

The test for joinder is somewhat different. Federal Rule of Civil Procedure 20(a)(2) states that,

> Persons . . . may be joined in one action as defendants if . . . [¶] (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and [¶] (B) any question of law or fact common to all defendants will arise in the action.

Here, plaintiff's claims against Flores and Ortiz are not part of the same specific transactions or occurrences as his claims against the other defendants. Nonetheless, plaintiff alleges continuing violations by defendants of his ability to practice his religion. With respect to the retaliation claim, plaintiff alleges that Flores and Ortiz retaliated against him by placing him in administrative segregation and transferring him to Los Angeles County prison because of his actions in this suit. FAC at ¶¶ 10, 41-42, 92. While separate occurrences, these acts are part of an alleged continuing violation by defendants of plaintiff's ability to practice his faith. See, e.g., Coughlin v. Rogers, 130 F.3d 1348, 1350 (9th Cir. 1997) (Claims that arise out of a systematic pattern of events arise from the same

12

transaction or occurrence.) Accordingly, they satisfy the first element of the test for joinder because they are part of the same series of transactions or occurrences alleged as to the other defendants.

Likewise, plaintiff's retaliation satisfies the second element of the test for joinder. Specifically, common questions of fact will arise in this action. In order to prove that Flores and Ortiz retaliated against plaintiff in this lawsuit, plaintiff will have to prove facts relating to the other claims in his case concerning defendants' inhibiting the practice of his religion to show that he was retaliated against for filing grievances and civil complaints to be able to practice his faith. Thus, plaintiff's claim against Flores and Ortiz meets the requirements of permissive joinder under Federal Rule Civil Procedure 20(a)(2).

### ii. Whether this Court Should Exercise its Discretion in Denying Permissive Joinder of Flores and Ortiz.

Permissive joinder is, of course, permissive. Accordingly, the court may, in its discretion, not join parties to a lawsuit "to protect a party against embarrassment, delay, expense, or other prejudice." Fed. R. Civ. P. 20(b). Defendants argue that joinder will prejudice them. However, they do not state any basis for the claim. Defendants also argue that joinder of the retaliation claim will confuse the jury. This argument is unpersuasive as well. As noted, the retaliation claim is related to the remaining claims, and there appears to be no basis to fear

13

jury confusion. Lastly, defendants argue that joinder will delay this case. However, this case cannot proceed to trial until a higher court (or courts) resolve defendants' interlocutory appeal of this court's May 2009 decision on qualified immunity. Accordingly, other defendants will not be burdened by delay to conduct discovery and motions practice as to plaintiff's claim against Flores and Ortiz. If, in the future, the claims against the other defendants are ready for trial, defendants may move, again, to sever the claims against Flores and Ortiz. Thus, defendants' motion to sever the retaliation claim against Flores and Ortiz is denied.

## IV. CONCLUSION

For the foregoing reasons, defendants' motion to dismiss, Doc. No. 460, is DENIED.

IT IS SO ORDERED.

DATED: March 9, 2010.

/s/ Lawrence K. Karlton
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

14